IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER SHAFFER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FAYETTE EMS., and | ) | |
| STEVEN RUGG, as an individual, | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW the Plaintiff, JENNIFER SHAFFER, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and, in particular, the right to be free from illegal, invidious and damaging discrimination and harassment in her employment on account of her sex, which right is guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.* (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended), as well as pendent state law claims. Declaratory relief is sought under and by virtue of Title 28 U.S.C. Section 2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. Section 1331 and 1343(3), and by Title 42 U.S.C. Section 2000(e). The Court is empowered to consider the claims outlined in Count II hereto under the doctrine of pendent jurisdiction.

3. All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391 (b)(2) and (c).

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, and in particular:

    A. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 8, 2018 and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    B. The EEOC issued a Notice of Right to Sue dated January 31, 2019; and

    C. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

5. A JURY TRIAL IS DEMANDED AS TO ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

## PARTIES

6. Plaintiff, Jennifer Shaffer, is an adult citizen of the Commonwealth of Pennsylvania, residing in Fayette County.

7. Defendant, Fayette EMS ("EMS"), is a Pennsylvania business corporation with its registered offices at 102 West Crawford Avenue, Connellsville, Pennsylvania 15425. At all times relevant hereto, Defendant was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office,

employment or assignment. Defendant EMS is, and at all times relevant to this Complaint has been, an employer in an industry affecting commerce within the meaning of Section 701(b) of the Civil Rights Act of 1966 and 42 U.S.C. Section 2000e-5(3), and is thus covered by the provisions of Title VII of the Civil Rights Act of 1991.

8. Defendant, Steven Rugg ("Rugg"), an aider and abettor, is an adult male resident of Pennsylvania. At all times relevant to this matter, Defendant Rugg was employed by Defendant EMS as a regional supervisor and exercised the powers of his authority to discriminate against the Plaintiff for an improper and unlawful purpose.

FACTUAL ALLEGATIONS

9. Plaintiff has been employed by Defendant EMS since in or about April of 1994, in the position of paramedic. Presently, in addition to paramedic, Plaintiff also holds the title of manager.

10. On or about March 26, 2018, while working a normal shift, Plaintiff contacted the regional supervisor of Defendant EMS, Defendant Rugg, to inform him that her radio was broken.

11. Defendant Rugg stated that he would meet the Plaintiff at the Uniontown Central Station ("the station") in order to replace her radio.

12. Plaintiff arrived at the station prior to Defendant Rugg and began a conversation with three of her co-workers.

13. Shortly thereafter, Defendant Rugg arrived at the station and approached the Plaintiff from behind.

14. Defendant Rugg proceeded to slap the Plaintiff on her buttocks.

15. Defendant Rugg's slap was so forceful that it caused the Plaintiff to jump forward several feet.

16. Plaintiff believes, and therefore avers, that male employees were not subjected to such sexual harassment, as described hereinbefore above.

17. Plaintiff's co-workers with whom she was conversing with, Curtis Jackson ("Jackson"), Shawnee Smith ("Smith"), and Michael Medvec ("Medvec"), witnessed Defendant Rugg's unlawful conduct.

18. Immediately after being assaulted by Defendant Rugg, Plaintiff contacted her supervisor and EMS chief, Richard Adobato ("Adobato"). He directed the Plaintiff to write a statement and go to human resources.

19. The next morning, Plaintiff reported the above-described conduct, to the human resources officer of Defendant EMS, Betty Keffer ("Keffer"). Plaintiff's report detailed Defendant Rugg's inappropriate and offensive conduct.

20. Despite having told Ms. Keffer that multiple individuals witnessed Defendant Rugg's assault, Ms. Keffer claimed that there were no witnesses to Defendant Rugg's action.

21. On or about March 27, 2018, the individuals who witnessed Defendant Rugg's conduct provided a written statement, which was produced to Ms. Keffer.

22. Defendant Rugg was subsequently placed on a 30-day suspension.

23. Plaintiff believes, and therefore avers, that this 30-day suspension was paid.

24. On or about April 30, 2018, Defendant EMS allowed Defendant Rugg to return to work without any restrictions or further discipline.

25. At the meeting where the decision to bring Defendant Rugg back was made, Plaintiff's supervisor, Mr. Adobato, stated that the Plaintiff was not upset or bothered any longer by what transpired. This statement was, and is, materially false.

26. Plaintiff was never interviewed regarding Defendant Rugg's assault.

27. Since Defendant Rugg's return to work, Mr. Adobato has stated to one of Plaintiff's co-workers that, "she had better get over what happened, or [he] will come after her if she does not stop running her mouth."

28. Plaintiff believes, and therefore avers, that male employees were not subjected to such intentional and malicious behavior, as described hereinbefore above.

29. Plaintiff knows that Defendant EMS is, in fact, aware of Defendant Rugg's proclivity to creating a sexually hostile work environment, including, but not limited to, Defendant Rugg's unwanted sexual advances toward co-workers, inappropriate language and touching.

30. Plaintiff believes, and therefore avers, that the decision of Defendant EMS to return Defendant Rugg to work places her, as well as other female co-workers, at risk of sexual assault and creates a sexually hostile work environment.

31. The plan, pattern or practice of indifference towards Defendant Rugg's conduct, and others, of Defendant EMS has created a sexually hostile work environment for the Plaintiff as well as other female employees.

COUNT I:

SEXUAL (GENDER) DISCRIMINATION

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as though fully set forth at length herein.

33. As described hereinbefore above, Plaintiff was subjected to a sexually hostile work

5

environment.

34. As a direct result of the Defendants' discriminatory and harassing actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

35. Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendants' discriminatory conduct as described above.

36. The actions of the Defendants as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

37. The actions on the part of the Defendants are part of a plan, practice or pattern of discrimination, which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the actions of the Defendants to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

b. that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendants' violation of the Civil Rights Act of 1991;

c. that the Court order the Defendants to pay pre and post-judgment interest on any award given to the Plaintiff;

d. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

e. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

SEXUAL HARASSMENT

38. Plaintiff incorporates by reference Paragraphs 1 through 37 as though fully set forth at length herein.

39. As described hereinbefore above, Plaintiff was subjected to a severe and pervasive course of sexually harassing conduct. Although Plaintiff made a complaint to Defendant EMS' management and human resources regarding the conduct to which she was subjected, Defendant EMS did not take any purposeful remedial action. Plaintiff's work environment was permeated with discriminatory intimidation after she made her complaint.

40. Members of Defendant EMS' management and human resources were aware of the above-described conduct and through their actions and inactions condoned this hostile work environment.

41. As a direct result of the sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress. Moreover, the Plaintiff has incurred counsel fees and other costs of pursuing her legal rights.

42. The actions on the part of Defendants are part of a plan, pattern or practice of sexually harassing and/or discriminating against female employees in the type and manner described above which may affect others similarly situated to the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

        a.     that the Court enter a judgment declaring the actions of the Defendants to be unlawful and violative of Title VII of the Civil Rights Act of 1964 and 1991;

        b.     that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and

        punitive damages as a result of the Defendants' violation of the Civil Rights Act of 1991;

c.     that the Court order the Defendants to pay pre and post-judgment interest on any award given to the Plaintiff;

d.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

e.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

43.     Plaintiff incorporates Paragraphs 1 through 42 as though fully set forth at length herein.

44.     As set forth above, the Defendants have discriminated against the Plaintiff because of her sex in violation of the Pennsylvania Human Relations Act, 43 Pa. C.S.A. Section 955(a).

45.     As a direct and proximate result of Defendants' conduct, Plaintiff was subjected to a sexually hostile work environment. Such conduct ultimately led to the Plaintiff's injuries and damages set forth at length above.

46.     As a direct result of the Defendants' discriminatory actions, and in violation of the PHRA, the Plaintiff has and or will incur counsel fees and other costs in pursuing her legal rights.  The Plaintiff has also suffered from physical and emotional distress, inconvenience, humiliation, apprehension and stress.

47.     The actions on the part of the Defendants were intentional and willful.

        WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the actions of the Defendants to be unlawful and violative of the Pennsylvania Human Relations Act;

8

b. that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory damages as a result of the Defendants' violations of the Pennsylvania Human Relations Act;

c. that the Court order the Defendants to pay pre and post-judgment interest on any award given to the Plaintiff;

d. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

e. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT RUGG

VIOLATIONS OF PLAINTIFFS' PENNSYLVANIA COMMON LAW RIGHTS

ASSAULT AND BATTERY

48. Plaintiffs incorporate by reference Paragraphs 1 through 47 as though fully set forth at length herein.

49. As described hereinbefore above, Defendant Rugg did unlawfully and intentionally touch, assault and commit a battery upon the Plaintiff's person by the physical contact by Defendant Rugg.

50. Defendant Rugg knew or should have known that such contact was illegal and/or improper and/or done without the permission of Plaintiff and that Plaintiff did not consent to any such intentional contact.

51. Plaintiff was harmed and offended by that contact.

52. The actions of Defendant Rugg were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting this Defendant to punitive damages.

53.     As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendant Rugg, Plaintiff suffered the following injuries and damages:

a.     Plaintiff's rights under the common law of the Commonwealth of Pennsylvania were violated;

b.     Plaintiff suffered physical pain and suffering;

c.     Plaintiff suffered fright, horror and shock;

d.     Plaintiff suffered severe emotional and psychological trauma; and

e.     Plaintiffs suffered economic damages related to any and all consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Rugg, in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        s/ Joel S. Sansone
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Law Offices of Joel Sansone
        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated:  March 22, 2019